MB   FILED

MARCH 12, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CLEO HOLIDAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO.  09 CV 7831** |
| | ) | |
| **CITY OF CHICAGO and CHICAGO** | ) | **JUDGE CONLON** |
| **POLICE OFFICERS MARK TAMLO** | ) | **MAGISTRATE JUDGE COX** |
| **and CHRISTOPHER PILGRIM** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DEFENDANTS' ANSWER, 12(B)(6) AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**</u>

Defendants, City of Chicago (the "City"), Chicago Police Detective Mendez ("Defendant Detective") and Chicago Police Officers Corona and Serrano ("Defendant Officers"), by and through one of their attorneys, Erica A. Hokens, Assistant Corporation Counsel for the City of Chicago, answers plaintiff's complaint and states:

1.       Plaintiff Cleo Holiday is an African-American resident of the City of Chicago, County of Cook, State of Illinois.

ANSWER:      Defendants admit that Cleo Holiday is an African-American but lack knowledge and information sufficient to answer the remaining allegations of paragraph 1 of plaintiff's complaint.

2.       Defendant City of Chicago is an Illinois municipal corporation.

ANSWER:      Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Defendants Mark Tamlo and Christopher Pilgrim are Chicago police officers.

ANSWER:      Defendants admit the allegations contained in paragraph 3 of Plaintiff's

Complaint.

4.      On January 22, 2007, at approximately 9:30 p.m. plaintiff was lawfully walking in

the public walkway in the vicinity of Elm Street and North LaSalle Street in the City of Chicago.

ANSWER:      Defendants deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      At the above stated date, time, and place, Defendants Tamlo and Pilgrim were

engaged in the course of their duties as Chicago police officers driving in a marked squad car.

ANSWER:      Defendants admit the allegations contained in paragraph 5 of Plaintiff's

Complaint.

6.      At the above stated date, time, and place, and without any lawful justification

whatsoever, defendants Tamlo and Pilgrim stopped their police vehicle and restrained plaintiff of

his freedom of movement.

ANSWER:      Defendants admit that they stopped their police vehicle and briefly restrained

plaintiff but deny any unlawful conduct in doing so.

7.      In undertaking the above acts, defendants Tamlo and Pilgrim were motivated by

the fact that plaintiff is African-American.

ANSWER:      Defendants deny the allegations contained paragraph 7 of Plaintiff's Complaint.

8.      After restraining plaintiff of his freedom of movement, one or more of the

defendants Tamlo and Pilgrim pushed plaintiff three or more times and then pushed and pulled

plaintiff by his coat and pants.

ANSWER:      Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

2

9.      One of defendants Tamlo and Pilgrim spoke to plaintiff during the above described events and repeatedly referred to plaintiff as a "f**kin' nigger."

ANSWER:      Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.      Plaintiff politely asked the officers why they were abusing him in this mannger; one or more of defendants Tamlo and Pilgrim told plaintiff to "Shut the f**k up."

ANSWER:      Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.      After speaking this obscenity, one or more of defendants Tamlo and Pilgrim searched plaintiff's front pants pocket, back pockets, and each of his coat pockets.  This search consisted of removing every item from the above referred pockets and throwing the items onto the hood of the police car.

ANSWER:      Defendants admit that Officers Mark Tamlo and Christopher Pilgrim conducted a protective pat down of the Plaintiff but deny that they used any obscenities or that they took items from plaintiff's pockets.  Defendants deny engaging in any other unlawful conduct as alleged in paragraph 11 of Plaintiff's Complaint.

12.      After conducting the above described search, one or more of defendants Tamlo and Pilgrim searched plaintiff's hat and his shoes.

ANSWER:      Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.      After undertaking the above described acts, one or more of defendants Tamlo and Pilgrim required plaintiff to stand against the police car.  The other individual defendant then took possession of plaintiff's valid driver's license and made an inquiry of the computer system

of the Chicago Police Department (hereinafter "name check"), to determine whether plaintiff was

sought in any outstanding warrants or had a criminal history.

ANSWER:     Defendants admit that Officer Mark Tamlo and Christopher Pilgrim conducted a

name check of the Plaintiff but deny that they engaged in any unlawful conduct in doing so.

14.     After this "name check" revealed that plaintiff was an upstanding citizen, one of

defendants Tamlo and Pilgrim returned to plaintiff his driver's license.  Without any apology or

explanation for their barbaric and racist behavior, defendants Tamlo and Pilgrim returned to their

police car and began to drive away.

ANSWER:     Defendants admit that Officers Mark Tamlo and Christopher Pilgrim conducted a

name check of the Plaintiff but deny that they engaged in any unlawful conduct in doing so.

15.     Before defendants Tamlo and Pilgrim left the scene, plaintiff asked the officers for

their name and star number.

ANSWER:     Defendants deny the allegations contained in paragraph 15 of Plaintiff's

Complaint.

16.     One of defendants Tamlo and Pilgrim responded to plaintiff's request with the

following words: "What in the f**k do you need our name and badge number?  You better get

the f**k out of here before we lock your ass up."  The officers then drove away.

ANSWER:     Defendants deny the allegations contained in paragraph 16 of Plaintiff's

Complaint.

17.     The above described action of the officers caused plaintiff to be deprived of rights

secured by the Constitution of the United States, the Constitution of the State of Illinois and to be

embarrassed, humiliated, angry, and subjected to racial harassment.

4

ANSWER:     Defendants deny the allegations contained in paragraph 17 of Plaintiff's

Complaint.

## COUNT I:  FALSE IMPRISONMENT

18.    Plaintiff realleges paragraphs 1-17 above.

ANSWER:     Defendants incorporate and reallege paragraphs 1 - 17, as though set forth herein

in their entirety.

19.    Defendants Tamlo and Pilgrim, while acting within the scope of their employment

for defendant City of Chicago, deprived plaintiff of his freedom of movement and thereby

subjected plaintiff to a false imprisonment.

ANSWER:     Defendants admit that Officers Tamlo and Pilgrim were acting within the scope of

their employment but deny any illegal conduct.

20.    As a result of the above described wrongful acts of defendants, plaintiff suffered

injuries and damages.

ANSWER:     Defendants deny the allegations contained in paragraph 20 of plaintiff's

complaint.

## COUNT II: BATTERY

21.    Plaintiff realleges paragraphs 1-17 above.

ANSWER:     Defendants incorporate and reallege paragraphs 1 - 17, as though set forth herein

in their entirety.

22.    Defendants Tamlo and Pilgrim, while acting within the scope of their employment

for defendant City of Chicago, committed a battery against plaintiff without reasonable or

probable cause when they made contact of an insulting and provoking manner.

ANSWER:   Defendants admit that Officers Tamlo and Pilgrim were acting within the scope of their employment but deny any illegal conduct.

23.     As a result of the above described wrongful acts of defendants, plaintiff suffered injuries and damages.

ANSWER:   Defendants deny the allegations contained in paragraph 23 of plaintiff's complaint.

## COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24.     Plaintiff realleges paragraphs 1-17 above.

ANSWER:   Defendants incorporate and reallege paragraphs 1 - 17, as though set forth herein in their entirety.

25.     Defendants Tamlo and Pilgrim, while acting within the scope of their employment for defendants City of Chicago, engaged in extreme and outrageous behavior against plaintiff including, but not limited to, subjecting to a false imprisonment and a battery, calling plaintiff a "nigger" and bombarding him with a stream of obscenities.

ANSWER:   Defendants admit that Officers Tamlo and Pilgrim were acting within the scope of their employment but deny any illegal conduct.

26.     As a result of the above described wrongful acts of defendants, plaintiff suffered injuries and damages.

ANSWER:   Defendants deny the allegations contained in paragraph 26 of plaintiff's complaint.

## COUNT IV: ILLINOIS HATE CRIME

27.     Plaintiff realleges paragraphs 1-17 above.

ANSWER:      Defendants incorporate and reallege paragraphs 1 - 17, as though set forth herein in their entirety.

28.      At all times relevant there was in force and effect a statute of the State of Illinois compiled as 720 ILCS 5/12-7.1 which establishes a civil damages remedy for any persons who, *inter alia*, is subjected to a battery or an assault by reason of his race.

ANSWER:      Defendants object to the allegations contained in paragraph 28 of Count IV of Plaintiff's Amended Complaint to the extent they seek legal conclusions, are vague and incomplete hypotheticals, and constitute improper pleading.  Subject to and without waiving such objections, Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Count IV of Plaintiff's First Amended Complaint, and further state that 720 ILCS 5/12-7.1 speaks for itself.

29.      The actions of defendants Tamlo and Pilgrim in subjecting plaintiff to a battery were motivated by plaintiff's race and constituted a hate crime within the meaning of 720 ILCS 5/12-7.1(a).

ANSWER:      Defendants deny the allegations contained in paragraph 29 of plaintiff's complaint.

30.      As a result of the above described hate crime, plaintiff suffered injuries, including but not limited to emotional distress, and is therefore entitled to obtain damages, including attorney's fees and costs, pursuant to 720 ILCS 5/12-7.1( c).

ANSWER:      Defendants deny the allegations contained in paragraph 29 of plaintiff's complaint.

## COUNT V: ILLINOIS CIVIL RIGHTS ACT OF 2003

31.     Plaintiff realleges paragraphs 1-17 above.

ANSWER:     Defendants incorporate and reallege paragraphs 1 - 17, as though set forth herein in their entirety.

32.     Pursuant to the Illinois Civil Rights Act of 2003 (710 ILCS 23/5), no unit of local government in Illinois is permitted to subject a person to discrimination under any program or activity on the grounds of that person's race, or to utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of race.

ANSWER:     Defendants object to the allegations contained in paragraph 32 of Count V of Plaintiff's Amended Complaint to the extent they seek legal conclusions, are vague and incomplete hypotheticals, and constitute improper pleading.  Subject to and without waiving such objections, Defendants are without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Count V of Plaintiff's First Amended Complaint, and further state that the Illinois Civil Rights Act of 2003 (710 ILCS 23/5) speaks for itself.

33.     Defendant City of Chicago has violated the Illinois Civil Rights Act of 2003 because the actions taken against Plaintiff were motivated by his race.

ANSWER:     Defendants deny the allegations contained in paragraph 33 of plaintiff's complaint.

**COUNT VI: VIOLATION OF 42 U.S.C. § 1983**

34.     Plaintiff realleges paragraphs 1-17 above.

ANSWER:     Defendants incorporate and reallege paragraphs 1 - 17, as though set forth herein in their entirety.

35.     The actions of defendants Tamlo and Pilgrim caused plaintiff to be deprived of

rights secured by the Fourth and Fourteenth Amendment to the Constitution of hte United States,

which are actionable under 42 U.S.C. §1983.

ANSWER:     Defendants deny the allegations contained in paragraph 35 of Plaintiff's

Complaint.

36.     As the direct and proximate result of the above described wrongdoing, plaintiff

was embarrassed, humiliated, and subjected to severe emotional distress.

ANSWER:     Defendants deny the allegations contained in paragraph 36 of Plaintiff's

        Complaint.

## <u>12(b)(6) DEFENSE: COUNT III OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE CHICAGO POLICE OFFICERS WHILE EXECUTING AND ENFORCING THE LAW CANNOT BE HELD LIABLE FOR CLAIMS BASED UPON NEGLIGENT CONDUCT</u>

1.      Plaintiff's Count III alleges that the police officers' conduct of stopping and

searching him while in the process of executing and enforcing the law, resulted in the negligent

infliction of emotional distress.  Section 2-109 of the Illinois Tort Immunity Act provides: a local

public entity is not liable for an injury resulting from an act or omission of its employee where

the employee is not liable.  745 ILCS 10/2-109.  Further, Section 2-202 of the Tort Immunity Act

provides: A public employee is not liable for his act or omission in the execution or enforcement

of any law unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-

202.

2.      In the present case, Plaintiff's theory of liability is clearly based on negligence.

Nowhere does the plaintiff use the words "wilful and wanton" in describing the police officers'

supposed wrongful conduct.  Even if he did use those words, that would not be enough, for

"there must be substantial averment of facts in count which pleads wilful and wanton conduct."

Wilson v. Hunk, 51 Ill.App.3d 1030, 367 N.E.2d 478, 481 (1977).  Thus since the police officers

cannot be held liable under section 2-109 of the Tort Immunity Act.  Therefore, plaintiff's

negligent infliction of emotional distress claim should be dismissed.

## AFFIRMATIVE DEFENSES

1.      Defendants are government officials, namely police officers, who perform

discretionary functions.  At all times material to the events alleged in plaintiff's complaint,

reasonable Police Personnel, objectively viewing facts and circumstances then confronting

defendants during the incident which allegedly provides the basis for the present case, could have

reasonably believed the actions taken by them were objectively reasonable and were within

Constitutional limits that were clearly established at the time.  Defendants are, therefore, entitled

to qualified immunity.

2.      To the extent plaintiff failed to mitigate any of his claimed injuries or damages,

any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that

plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to

plaintiff by the jury in this case.

WHEREFORE, Defendants request judgment in their respective favors and against

plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and

costs and such other relief this court deems appropriate.

## JURY DEMAND

Defendants respectively request trial by jury for all issues so triable.

10

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
Of the City of Chicago


By:     s/Erica A. Hokens
        ERICA A. HOKENS
        Assistant Corporation Counsel

30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-2568
(312) 744-6566 (FAX)
ehokens@cityofchicago.org
Atty. No. 06271240